Morales-Durate v. Sessions

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand seventeen.

PRESENT:  ROBERT D. SACK,
                  RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*,
                  GREGORY H. WOODS,
                        *District Judge.**

-----------------------------------------------------------------

JAVIER MORALES-DURATE,

                        *Petitioner*,

                  v.                                        No. 12-549-ag

JEFFERSON B. SESSIONS, III, UNITED STATES
ATTORNEY GENERAL,

                        *Respondent*.

-----------------------------------------------------------------

* Judge Gregory H. Woods, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PETITIONER: PAUL B. GROTAS (Gary J. Yerman, *on the brief*), New York, N.Y.

FOR RESPONDENT: CHRISTOPHER BUCHANAN, Trial Attorney, Office of Immigration Litigation, Civil Division, (Stuart F. Delery, Acting Assistant Attorney General, Civil Division, Melissa Neiman-Kelting, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Javier Morales-Durate ("Morales") is a native and citizen of Guatemala. He asks us to review a January 19, 2012 BIA decision affirming the decision of an Immigration Judge ("IJ") to deny adjustment of status as a matter of discretion and to order Morales removed. In re Javier Morales-Durate, No. A029 283 931 (B.I.A. Jan. 19, 2012), aff'g No. A029 283 931 (Immigr. Ct. N.Y.C. Oct. 25, 2010). Here, we review the IJ's decision as modified by the BIA. See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to dismiss the petition.

As a general matter, we lack jurisdiction to review the agency's discretionary denial of an application to adjust status. See 8 U.S.C. § 1252(a)(2)(B)(i); Guyadin v. Gonzales, 449 F.3d 465, 468 (2d Cir. 2006). But we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). As to those claims and questions, our review is de novo. Pierre v. Holder, 588 F.3d 767, 772 (2d Cir. 2009). To assess whether a petitioner raises a constitutional challenge or

question of law over which we have jurisdiction, we "study the argument[] asserted[] [and] . . . determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction." Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006).

Morales argues that we have jurisdiction for three reasons, each of which we reject.

First, he claims that the BIA committed legal error by considering arrests and convictions that are not statutory grounds for inadmissibility. But the agency may consider past criminal conduct, whether or not it renders the alien inadmissible, in deciding whether to deny relief as a matter of discretion. See, e.g., Wallace v. Gonzales, 463 F.3d 135, 139 (2d Cir. 2006); In re Grijalva, 19 I. & N. Dec. 713, 722 (B.I.A. 1988). We therefore reject the argument as a basis for our jurisdiction, as it amounts to a mere disagreement with the IJ's discretionary choice and balancing of the equities. See Guyadin, 449 F.3d at 468.

Second, Morales argues that the IJ illegally failed to offer a "basis for her determination that [Morales] has 'a serious lack of respect for laws in the United States.'" It is true that the agency commits legal error when its discretionary decision is "made without rational justification," Xiao Ji Chen, 471 F.3d at 329, or when "facts important to [the discretionary] determination . . . have been totally overlooked and others have been seriously mischaracterized," Mendez v. Holder, 566 F.3d 316, 323 (2d Cir. 2009). But the IJ explained that the decision rested on (1) Morales's testimony regarding his repeated arrests for drinking and driving and (2) Morales's acknowledgement that he did not have a driver's license while driving. That record evidence justified the agency's decision, and Morales points to no

testimony that the IJ misconstrued or overlooked.  See Xiao Ji Chen, 471 F.3d at 329; Mendez, 566 F.3d at 323.

Finally, Morales argues that the IJ erred when it declined to consider the presence of his adult children in the United States because there was "no indication that [they] have any [immigration] status in the United States."  But the BIA's decision did not rely on the IJ's finding regarding Morales's children.  Because that finding formed no part of the final agency decision under review, we cannot consider it.  See Xue Hong Yang, 426 F.3d at 522 (reviewing IJ's decision as modified by BIA).

For the foregoing reasons, the petition for review is DISMISSED.  As we have completed our review, the temporary stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4